UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

----------------------------------------------------

| | | |
|---|---|---|
| IN RE: DePUY ORTHOPAEDICS, INC. | ) | |
| ASR HIP IMPLANT PRODUCTS | ) | MDL No. 1: 10-md-02197 |
| LIABILITY LITIGATION | ) | |
| | ) | **SHORT FORM COMPLAINT** |
| | ) | **FOR** |
| | ) | **DePUY ORTHOPAEDICS, INC.** |
| | ) | **ASR HIP IMPLANT PRODUCTS** |
| | ) | **LIABILITY LITIGATION** |

----------------------------------------------------

This applies to:                **JURY DEMAND**

David Powers and Jennifer Powers v. DePuy Orthopaedics, Inc. et al.

DAVID POWERS and  JENNIFER POWERS
1867 Davis Lane
Waukesha, Wisconsin 53189

Plaintiffs,

-against-

DePUY ORTHOPAEDICS, INC., DePUY
INC., DEPUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON, JOHNSON &
JOHNSON SERVICES, INC.
JOHNSON & JOHNSON INTERNATIONAL,

Defendants

----------------------------------------------------

## ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION

1.      Plaintiffs, David Powers and Jennifer Powers, state and bring this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP

IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 02197. Plaintiffs are filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the United States District Court for the Eastern District of Wisconsin. Plaintiffs state that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiffs would have filed in the United States District Court for the Eastern District of Wisconsin. Therefore, Plaintiffs respectfully request that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff, David Powers, is a resident and citizen of Waukesha, Wisconsin and claims damages as set forth below. Plaintiffs Spouse, Jennifer Powers, is a resident and citizen of Waukesha, Wisconsin and claims damages as a result of loss of consortium.

4. Plaintiff, David Powers, was born on August 15, 1944.

5. Plaintiffs claim damages as a result of:

____X____ injury to himself

_____ injury to the person represented wrongful death

_____ survivorship action

____X____ economic loss

____X____ loss of services

____X____ loss of consortium

**ALLEGATIONS AS TO INJURIES**

6.      Plaintiff, David Powers, was implanted with a DePuy ASR hip implant on his right hip on or about July 6, 2009 at Waukesha Memorial Hospital, in Waukehsa, Wisconsin by Dr. Timothy Schultz.

7.      On or about August 24, 2010, Plaintiff suffered the following personal and economic injuries as a result of the implantation with the ASR hip implant: Past medical expenses, future medical expenses, past lost wages, future lost wages, past and future conscious pain and suffering, physical injury, bodily impairment, mental anguish, emotional distress and loss of enjoyment of life

8.      Plaintiff, David Powers, had the right ASR hip implant explanted on January 28, 2011 at Waukesha Memorial Hospital in Waukesha, Wisconsin, by Dr. Timothy Schultz.

9.      Plaintiff,  David Powers, has suffered injuries as a result of implantation and explantation of the DePuy ASR hip implant manufactured by defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein.

10.      At the time of implantation with the ASR hip implant, the Plaintiffs resided at 1867 Davis Lane, Waukesha, Wisconsin 53189.

11.      The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

12.      The Plaintiff, David Powers, could not have known that the injuries he suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and the plaintiff came to learn of the recall.

13.     The Plaintiff, David Powers, could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood-work.

14.     As a result of the injuries Plaintiff, David Powers sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

15.     The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference:

X     FIRST CAUSE OF ACTION
       (NEGLIGENCE);

--     SECOND CAUSE OF ACTION
       (NEGLIGENCE PER SE);

X     THIRD CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN)

--     FOURTH CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

X     FIFTH CAUSE OF ACTION
       (STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

--     SIXTH CAUSE OF ACTION
       (BREACH OF EXPRESS WARRANTY);

--     SEVENTH CAUSE OF ACTION
       (BREACH OF WARRANTY AS TO MERCHANTABILITY)

--     EIGHTH CAUSE OF ACTION
       (BREACH OF IMPLIED WARRANTIES);

X     NINTH CAUSE OF ACTION
       (FRAUDULENT MISREPRESENTATION);

X        TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

--      ELEVENTH CAUSE OF ACTION (NEGLIGENT MISREPRESENTATION);

--      TWELFTH CAUSE OF ACTION (FRAUD AND DECEIT);

--      THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE
LAW);

--      FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

--      FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

X        SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

--      SEVENTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);
--      EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

X        NINETEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

X        TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES)

X        TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING)

--      TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD
STATUTE) - **SPECIFY THE STATUTE ALLEGED** _____

--      TWENTY-THIRD CAUSE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF
ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN
PURCHASE OF THE HIP IMPLANT)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs  pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs  hereby demand a trial by jury as to all claims in this action.

Respectfully submitted
Counsel for Plaintiffs

Date:   June 9, 2011               HABUSH HABUSH & ROTTIER S.C.®

/s/ Timothy S. Trecek
Daniel A. Rottier
State Bar No.:  1016998
Timothy S. Trecek
State Bar No.:  1021161
Robert L. Jaskulski
State Bar No.:  1000561
Peter Young
State Bar No.:  1062054

777 E. Wisconsin Avenue, #2300
Milwaukee, WI 53202
(414) 271-0900